**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIA MALDONADO-ANDRADE, | No.   17-71967 |
| Petitioner, | Agency No. A098-115-483 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2020**
Pasadena, California

Before:  WARDLAW, NGUYEN, and HUNSAKER, Circuit Judges.

Dania Maldonado-Andrade (Maldonado) petitions for review of the Board of

Immigration Appeals' (BIA) orders dismissing her appeal from the Immigration

Judge's (IJ) denial of her application for withholding of removal and protection

under the Convention Against Torture (CAT).  We have jurisdiction under 8

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We grant in part and deny in part the petition for review.

1. To be entitled to withholding of removal, Maldonado must "demonstrate a clear probability of [future] persecution . . . on account of a statutorily protected ground." *Fedunyak v. Gonzales*, 477 F.3d 1126, 1130 (9th Cir. 2007); *see also* 8 U.S.C. § 1231(b)(3)(A).

"When an applicant is deemed credible, we . . . consider[] nexus issues to be questions of law entitled to de novo review." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1022 n.4 (9th Cir. 2010). Even assuming Maldonado could establish membership in a social group under *Matter of A-R-C-G-*, 26 I. & N. Dec. 388 (BIA 2014), or that her proposed group of "women in an abusive relationship in Honduras who cannot leave that abusive relationship because of the way the culture and government in Honduras treat domestic violence victims and because her abuser is a powerful cartel member with ties to corrupt Honduran government officials" was cognizable, the BIA correctly concluded that she failed to demonstrate a nexus between her fear of future persecution and her membership in these putative groups. Though Maldonado suffered severe sexual violence, there is no evidence in the record to suggest that this sexual violence was perpetrated against her on account of her abusive relationship with a cartel member with ties to corrupt Honduran government officials. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017) ("The words 'on account of' and 'because of' address the

persecutor's motive for persecuting the victim.").

Nor can Maldonado establish eligibility for withholding of removal on account of her membership in the social group of "persons persecuted by gang members or persons fearing harm from gang members in Honduras." Under our prior precedent, this social group is not cognizable. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 745–46 (9th Cir. 2008) (holding that "young men in El Salvador resisting gang violence" is not a cognizable social group), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). For these reasons, we deny the petition for review on Maldonado's withholding of removal claim.

2. "CAT's implementing regulations explicitly require the agency to consider all evidence relevant to the possibility of future torture," which "includes the petitioner's testimony and country conditions evidence." *Parada v. Sessions*, 902 F.3d 901, 914–15 (9th Cir. 2018) (internal quotation marks and citations omitted). However, neither the IJ nor the BIA addressed Maldonado's country conditions evidence when evaluating her CAT claim. "The failure of the IJ and BIA to consider evidence of country conditions constitutes reversible error." *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010). Accordingly, we grant the petition in part and remand for the BIA to reconsider Maldonado's claim for CAT relief.

**PETITION GRANTED IN PART, DENIED IN PART, REMANDED.**